**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff**<br><br>    **v.**<br><br>**ANGEL QUIÑONES-HERNANDEZ**<br>    **Defendant** | **Criminal No. 99-206 (JAF)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

**A.    Factual and Procedural Background**

Upon being charged and convicted for a violation of Title 21 U.S.C. § 841(a)(1), releasee Angel Quiñones-Hernández (hereafter "Quiñones-Hernández"), was sentenced on January 18, 2000, to serve a thirty (30) months sentence of imprisonment. The same was to be followed by a four (4) year term of supervised release.

After serving his sentence, Quiñones-Hernández was released, to begin serving his supervised release term on August 17, 2001.

The record reflects that on September 11, 2003, Quiñones-Hernández faced revocation proceeding upon it being determined he had returned to drug use and for failing to abide by the instructions of his probation officer.

Following revocation proceedings, Quiñones-Hernández was required to serve an additional term of imprisonment of nine (9) months and twenty-four (24) months of supervised released. This two (2) year term of supervised released began on May 27, 2004.

Criminal No. 99-206(JAF)                                                                                                   Page No. 2

On June 14, 2005, the U.S. Probation Officer Luis Encarnación reported that Quiñones-Hernández has violated his conditions of supervision by having reverted to drug use and having tested positive to cocaine on June 10, 2005, and having failed to report for urinalysis (stalls). It is also alleged that Quiñones-Hernández failed to report a change in address and the fact he was arrested, on April 21, 2005, by the Puerto Rico Police, Drug Division, San Juan, Puerto Rico. Nonetheless, criminal charges were not filed against releasee.

B.      **Show Cause Hearing**

On June 30, 2005, in response to summons, Quiñones-Hernández appeared in Court represented by Assistant Federal Public Defender Juan Matos de Juan. U.S. Probation Officer Encarnación reported that Quiñones-Hernández failed to report for urinalysis on January 11, 2005, March 30, 2005, May 25, 2005 and June 7, 2005. Additionally, on May 24, 2005, during a home visit, it was determined that Quiñones-Hernández was not living at his reported address without having it been informed to the supervising officer. It appears that on June 13, 2005, Quiñones-Hernández failed to report to the U.S. Probation Officer as previously instructed. More so, on April 21, 2005, Quiñones-Hernández was arrested by the Puerto Rico Police upon being found at an apartment located at La Perla from where the police seized drugs. Since Quiñones-Hernández could not be directly linked to the drugs, no criminal charges were filed against him. Nonetheless, information available to the U.S. Probation Officer portraits Quiñones-Hernández as a suspected drug seller who is also dealing with weapons. Quiñones-Hernández tested positive to the use of cocaine and while confronted, admitted the use of cocaine. It appears that Quiñones-Hernández has reverted to drug use and that due to drug use, the probation officer opines he has physically deteriorated. Actually, Quiñones-Hernández reported to the U.S. Probation Office and arranged to

voluntary surrender while acknowledging he needed external controls. At the time he surrendered, while unemployed, Quiñones-Hernández had $500 cash on hand.

### C. Conclusion

Releasee Quiñones-Hernández has violated his conditions of supervised release. Pursuant to U.S.S.G. § 7B1.1(a)(3), the same constitutes a Grade C violation which the probation officer elected to report upon having determined that such violations constituted a pattern of conduct that clearly violated the conditions of release. *See* U.S.S.G. § 7B1.2(b).

Section 7B1.3(a)(2) establishes that upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Were this Court to revoke the term of supervised release, §§ 7B1.3(b) and (c) do provide the criteria upon which sentence is to be imposed. In such revocation proceedings, the applicable range of imprisonment will be that set forth in § 7B1.4; provided that the applicable criminal history category (CHC) to be utilized in determining the applicable guideline range will be the CHC "under which defendant was originally sentenced to a term of supervision."

The records in possession of the U.S. Probation Office reflect that releasee Quiñones-Hernández, when originally sentenced, was placed within a CHC of "I." Considering a CHC of "I" and the fact that he has incurred in a Grade C violation, were this Court to revoke the term of supervision, releasee will be subjected to a guideline imprisonment range of three (3) to nine (9) months (§ 7B1.4(a)).

**Based on the evidence presented, it is determined that there are grounds on which to have the supervised release term, originally imposed on September 11, 2003, revoked.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 22nd day of July, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**